Judge Owsley
delivered the opinion of the court.
As the assignee of an obligation, given by Payne and Anderson to Moseby, Wallace brought suit and recovered a judgment at law.
To be relieved from the judgment, Payne and Anderson exhibited their bill with injunction, alledging that the obligation was given for part of the price of a tract of land, purchased by them from Moseby: that Moseby executed a bond, which is since lost, to them for a title, and by his contract was to procure the execution thereof by his father-in-law, Edmondson; that Moseby is since dead, and Edmondson refuses to execute the bond; that the title was neither in Moseby nor Edmondson, but, as they are informed, in the heirs of Wm. Marshall, deceased, from whom they *245 are unable to procure a conveyance: They make Wallace, Edmondson, the heirs and administrator of Moseby, and the heirs of Marshall, defendants, and pray for the appropriate relief.
An order of publication should be inserted two calendar months in an authorised newspaper.
Process was served upon Wallace, Edmondson, and part of the heirs of Moseby, and an order of publication obtained against the other heirs of Moseby, and the heirs of Marshall.
Wallace answered, alledging his ignorance of the contract between Payne and Anderson and Moseby, and requiring proof thereof; charges, he is informed that Moseby, previous to his sale of the land, was residing thereon, either under a contract of purchase, or gift from Edmondson;—that Edmondson executed the bond to Payne and Anderson; denies the loss of the bond, and requires its production; alledges that Moseby had made valuable improvements on the land; and that Edmondson confederating with Payne and Anderson, has since sold and conveyed the land to them, but whether the improvements were taken in the estimate in making the sale, he is uninformed, and insists that the improvements made by Moseby is sufficient to indemnify Payne and Anderson against his judgment.
The cause was continued as to all the defendants but Wallace, and as to him the court proceeded to hear the cause, and rendered a decree dissolving the injunction and dismissing the bill. From that decree Payne and Anderson appealed.
The cause was clearly not in an attitude to be heard as to all the defendants. The absent defendants were not served with process, and the order to advertise against them appears not to have been published the time required by the statute in that case provided. The printer certifies it to have been published eight weeks in succession, commencing the 26th of March and ending the 14th of May; from hence it is obvious, that allowing, as we suppose ought to be done, each insertion to be a publication of one week, the publication cannot have been continued for two calendar months; and we apprehend that in requiring publication against absent defendants for two months, the legislature must be understood as intending calendar and not lunar months.
The cause, however, was not heard as to any of the defendants but Wallace; but considered in any point of view, we are of opinion the court should not have decided the *246 cause as to him, without, at the same time, hearing it as to the other defendants.
A cause should not be disposed of as to one defendant when other defendants, who are interested in the decision, are not before the court either by answer or publication.
Hardin for appellants, Bibb for appellee.
Considered in relation to the equity asserted by Payne and Anderson, it is perfectly clear that all of the defendants must be interested in the decision; and considered in relation to the improvements made by Moseby on the land, and for which Wallace insists the adminsitrator of Moseby is entitled to compensation, and in consequence of which it is probable the circuit court proceeded to hear the cause as to Wallace, it is equally clear that both the administrator and Edmondson are materially interested. Whether or not the representatives of Moseby should be compensated for the improvements, and what that compensation should be, depends essentially upon the circumstances under which Moseby obtained the possession of the land; and whether Edmondson, or Payne and Anderson, should account for them, depends materially upon the nature of the subsequent purchase of the land by Payne and Anderson from Edmondson. For if, in their purchase from Edmondson, the land was estimated with the improvements made by Moseby, Edmondson ought to account for any compensation to which the representatives of Moseby may be entitled; but if the improvements were not considered as forming a part of the price agreed to be given to Edmondson for the land, Payne and Anderson should be compelled to account.
If therefore, the other defendants were interested, and of which we entertain no doubt, it follows, that the court should not have heard and dismissed the bill as to Wallace, without at the same time disposing of the cause as to the others.
The decree must, therefore, be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.